UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK K. THOMPSON, | ) | 1:07-cv-01244-AWI-JMD-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| L. WATSON, | ) | |
| | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for second degree murder in the Superior Court of California, Kings County, in 1981. (Pet., Ex. A). Petitioner pled guilty to one count of second degree murder in accordance with a plea agreement which provided that Petitioner would be eligible for parole. (Pet., Ex. B at 4). The Superior Court sentenced Petitioner to fifteen years to life with the possibility of parole. (Pet., Ex. B at 8). In September of 2006, the parole board found Petitioner unsuitable for parole. (Pet. at 5).

On February 15, 2007, Petitioner filed a petition for a writ of habeas corpus with the Superior Court of California, Kings County. (Pet., Ex. F at 1). The Superior Court issued a reasoned decision denying Petitioner's state habeas petition on March 21, 2007. (Id.).

Petitioner filed a habeas petition with the California Court of Appeal on April 18, 2007, and the Court of Appeal summarily denied the petition on May 21, 2007. (Pet., Ex. G). On Jun 1, 2007, Petitioner filed a habeas petition with the California Supreme Court. (Pet., Ex. I). The California Supreme Court summarily denied the petition on August 8, 2007 (Pet., Ex. J).

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court, Eastern District of California on August 27, 2007. (Doc. 1). Respondent filed an answer to the petition on February 27, 2008. Petitioner filed a traverse on March 27, 2008.

**Factual Background**

Petitioner does not challenge his underlying conviction or sentence. Rather, Petitioner challenges the parole board's denial of parole on due process grounds. Id. Specifically, Petitioner contends that 1) the parole board's denial of parole violates the terms of Petitioner's plea agreement, and 2) the parole board's decision to deny Petitioner parole is not supported by "some evidence." (Pet. at 5).[1] Accordingly, the factual background relevant to the instant petition concerns the facts underlying the parole board's decision to deny Petitioner parole and the terms of Petitioner's plea agreement. The Superior Court did not address Petitioner's plea bargain claim. With respect to Petitioner's "some evidence" claim, the Superior Court held:

> The [parole board's] denial was based upon a finding by the Board that Petitioner posed an unreasonable risk of danger to society or a threat to public safety if released. (Cal. Code of Regs., tit. 15, § 2402, subd.(a).) In reaching its determination, the Board emphasized:
>
> (1) Petitioner's previous criminal conduct while in the Navy (Cal. Code of Regs., tit, § 2402 (d)(6)) [sic] While in the military, Petitioner had one special court marital, one summary court martial, and three non judicial punishments. (Transcript, 21: 24-22:2)
>
> (2) Petitioner's failure to provide written confirmation of his recent participation in a beneficial self-help program and/or Petitioner's need to enroll in additional anger management courses (Cal. Code of Regs., tit 15 § 2402 (d)(9)). Petitioner admitted during the hearing that there is nothing in his file after 2001 verifying his continued

---

[1] The petition asserts four grounds for relief: 1) the parole board violated petitioner's right to due process by violating the terms of Petitioner's plea bargain; 2) the parole board violated petitioner's right to due process by failing to base it's decision on relevant, reliable evidence that Petitioner currently poses an unreasonable risk of danger if released; 3) the parole board's decision not to conduct a subsequent hearing for one year is based on grounds that are false or factually unsupported; and 4) the Superior Court's judgment denying Petitioner's state habeas petition was erroneous. (Pet.at 1-13) The Court finds that claims two and three are identical in that the question of law presented by both claims is whether the parole board's decision to deny Petitioner parole, for two years, is supported by some evidence. Claim four is duplicative and unnecessary, as whether the Superior Court erred depends on resolution of Petitioner's plea bargain and "some evidence" claims.

involvement with some type of on-going substance abuse training. (Transcript, 25:14-24); and

(3) Petitioner's failure to present evidence of family support within the Hanford area and/or an alternative realistic parole plan (Cal. Code of Regs., tit. 14 § 2402 (d)(8)). Petitioner failed to provide for consideration by the Board, a list of companies willing to employ him following his parole release. (Transcript, 36:20-24). Petitioner confirmed that his parole plans relied upon two 70-year old unrelated individuals, and did not include any of his Kings County familial connections. (Transcript 47:11-48:17). In addition, Petitioner confirmed an inability to locate any Muslim or nonsecretarian [sic] halfway houses which may be of assistance to him during his initial period of parole. (Transcript, 45:3-46:24).

In addition, the Board concluded that the cruel and brutal nature of the commitment offense (Cal. Code of Regs., tit. 12 § 2402 subd (c) (1)(D)) and Petitioner's failure to admit responsibility for the abuse of the victim (Cal. Code of Regs., tit. 15, § 2402 subd. (d)(3)), justified a denial of parole for a tenth time. In support of its decision, the Board stated that; (1) at the time of his death the victim was 3 months old and had prior to death been subjected to systematic beatings which resulted in a broken leg and a broken rib, (2) Petitioner and the codefendant refused initial requests to take the child to the hospital for care, and (3) Petitioner admitted that, while intoxicated, he regularly hit the baby as a result of his jealousy of the infant and/or a feeling of being disturbed after a long day at work. (Transcript, 99:24-101:4). The Board also emphasized that Petitioner's statements of responsibility through negligence but "not really child abuse" were inconsistent with the available evidence. (Transcript, 101:9-11)....¶ To the extent that it appears from the record that the Board's reasons for deeming Petitioner unsuitable for parole are supported by "some evidence," the Board's decision to deny Petitioner parole must be upheld. Accordingly, the petition is denied.

(Answer, Ex.4 at 1-3).

## Discussion

### I. Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[2] 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. See 28 U.S.C. § 2241(d).

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Petitioner is currently incarcerated at Avenal State Prison in Kings County, California. As Petitioner asserts that he is being held in violation of his right to due process under the United States Constitution, and because Kings County is within the Eastern District of California, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

## II. Standard of Review

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (citations omitted).

## III. Petitioner's Due Process Claims

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits states from depriving persons of protected liberty interests without due process of law. See, e.g., Sass, 461 F.3d at 1127. The Court must "analyze Petitioner's due process claim in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" Id. (quoting Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) partially overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).

Petitioner advances two distinct arguments in support of his petition. First, Petitioner contends that the parole board's denial of parole contradicts the terms of Petitioner's plea agreement

and thus violates Petitioner's due process rights. Second, Petitioner contends that the parole board's denial of parole violates Petitioner's right to due process because the parole board's decision is not supported by "some evidence." The Superior Court issued a reason decision discussing the latter contention but did not discuss the former.

Both the California Court of Appeal and the California Supreme Court summarily denied Petitioner's state habeas petition. In reviewing a state court's summary denial of a state habeas petition, the Court must "look through" the summary disposition to the last reasoned decision issued by the state. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). As the California Court of Appeal and the California Supreme Court both summarily denied Petitioner's state habeas petition, the Court must review the reasoned decision of the King's County Superior Court denying Petitioner relief. The California Supreme Court is presumed to have rejected Petitioner's state habeas petition for the same reasons set forth in the reasoned decision of the King's County Superior Court. Id. at 803.

### A. Petitioner's Plea Agreement

A criminal defendant's right to due process entitles her to enforce the terms of a plea agreement. Santobello v. New York, 404 U.S. 257, 261-262 (1971). "Plea agreements are contractual in nature and are measured by contract law standards." United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. Id.

Petitioner contends that the state's continued denial of parole violates the terms of his plea agreement. However, there is no evidence in this case, and Petitioner does not allege, that the District Attorney promised that Petitioner would be released on parole after serving a certain amount of time or on a certain date. Rather, Petitioner alleges merely that "it violates petitioner's constitutional right to due process in light of a contractual agreement by extracting more punishment beyond the second degree murder matrix solely using the commitment offense." (Pet. at 6).[3] Petitioner's claim lacks merit. Petitioner must demonstrate that the parole board's denial of parole violates an express promise made in connection with Petitioner's acceptance of the plea agreement.

---

[3] As discussed below in section B, the parole board did not rely solely on Petitioner's commitment offense to deny Petitioner parole. Accordingly, Petitioner's argument fails even under its own terms.

See Brown v. Poole; 337 F.3d 1155, 1159 (9th Cir. 2002) opinion withdrawn by 2009 U.S. App. Lexis 2584 (9th Cir. 2009) (granting relief where prosecution promised defendant she would be released after serving minimum sentence); see also Buckley v. Terhune, 441 F.3d 688, 694-95 (9th Cir. 2006) (granting relief where judge told defendant that his maximum sentence would be fifteen years during plea colloquy).

Where, as here, a state court provides no rationale for its decision to deny a prisoner's claim, a federal habeas court must determine whether the state court's decision was "objectively unreasonable" based on its independent reading of the record. Brazzel v. Washington, 491 F.3d 976, 981 (9th Cir. 2007) (quoting Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002)); Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000), overruled on other grounds by Lockyer, 538 U.S. at 75-76; see also Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Because the record contains no evidence that the parole board's denial of parole violates the terms of Petitioner's plea agreement, the Court cannot say that the Superior Court's rejection of Petitioner's claim was "objectively unreasonable." Accordingly, Petitioner cannot prevail on his plea bargain claim. Brazzel, 491 F.3d at 981 (where state court does not issue reasoned decision denying claim, relief may only be granted if state court's denial is objectively unreasonable).

## B. The "Some Evidence" Standard

California law vests prisoners whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date. Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007); Sass, 461 F.3d at 1128; McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002) (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979)); Biggs v. Terhune, 334 F.3d 910, 915 (2003). While California's parole statute creates a liberty interest protected by the Due Process Clause, Irons, 306 F.3d at 903, "since the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in [a criminal prosecution proceeding] is not constitutionally mandated" in the parole context, Pedro v. Oregon Parole Bd., 825 F.3d 1396, 1399 (9th Cir. 1987). The Ninth Circuit has repeatedly held that due process requires that a parole board's denial of parole to a prisoner be supported by "some evidence." Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill,

472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904. The requirement that the Board's denial of parole to Petitioner be supported by some evidence is well established federal law.[4] Irons, 505 F.3d at 851 (citing Sass, 461 F.3d at 1128-29 (quoting Superintendent v. Hill, 472 U.S. 445, 457(1985)); see also Biggs, 334 F.3d at 915.

The "some evidence" standard is minimal, and is meant only to "[assure] that 'the record is not so devoid of evidence that the findings of...[the] board were without support or otherwise arbitrary.'" Sass, 461 F.3d at 1129 (quoting Hill, 472 U.S. at 457). In assessing whether the Board's denial of parole to Petitioner is supported by "some evidence," the Court's analysis

> "is framed by the statutes and regulations governing parole suitability determinations in the relevant state... [a]ccordingly, here we must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by 'some evidence' in [Petitioner's] case constituted an unreasonable application of the 'some evidence' principle articulated in Hill."

Irons, 505 F.3d at 851. The paramount inquiry in determining whether to grant a prisoner parole is whether the prisoner "will pose an unreasonable risk of danger to society if released from prison." CAL. CODE. REGS. TIT 15, § 2402(a) (2008). Title 15, section 2402 of the California Code of Regulations sets forth the factors to be considered by parole board's in applying California's parole statute to Petitioner. Section 2402 provides in part:

> All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

CAL. CODE. REGS. TIT 15, § 2402(b) (2008).

Petitioner contends that the parole board's decision to deny him parole is not supported by some evidence. The Superior Court, however, expressly held that the parole board's decision to

---

[4] The Ninth Circuit is currently considering the "some evidence" standard en banc. Hayward v. Marshall, 512 F.3d 536, (9th Cir. 2008) reh'g en banc granted, 527 F.3d 797 (2008).

deny Petitioner parole is supported by some evidence. (Answer, Ex.4 at 1-3). Section 2254 requires the Court to give considerable deference to state court decisions, Himes v. Thompson, 336 F.3d 848, 852-53 (9th Cir. 2003), and the state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1). The Court is bound by the state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537 U.S. 859 (2002). The Court must also defer to the state court's determination of the federal issues unless that determination is "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer,538 U.S. at 74-75.

  The Superior Court carefully reviewed the transcript of Petitioner's parole board hearing and concluded that the parole board's decision was supported by sufficient evidence of dangerousness as set forth by the California regulations governing parole suitability. Specifically, the Superior Court noted that the parole board found that Petitioner had not completed sufficient anger management counseling, had insufficient parole plans, and had not fully accepted responsibility for his crime; all of these findings relate to a prisoner's risk of dangerousness to society as determined by the California legislature. (Answer, Ex.4 at 1-3); See CAL. CODE OF REGS., tit. 15, § 2402 (2008) *et. seq*. The Superior Court also noted the parole board's finding regarding the cruel and brutal nature of the commitment offense. (Answer, Ex.4 at 3). Although both the Ninth Circuit and the California Supreme Court have suggested that at some point, relying solely on a prisoner's commitment offense to deny parole may constitute a denial of due process, see, e.g., Biggs, 334 F.3d 916-917; In Re Lawrence,44 Cal. 4th 1181, 1202 (Cal. 2008), it is clear from the record that the parole board relied on factors other than Petitioner's commitment offense in denying Petitioner parole. Accordingly, even assuming the parole board could not have relied solely on Petitioner's commitment offense to deny parole, Petitioner is not entitled to habeas relief because the parole board's decision is supported by other evidence on the record. See Sass, 461 F.3d at 1128 ("relevant question is whether there is *any* evidence in the record that could support the conclusion reached") (emphasis added); see also Biggs, 334 at 916 (despite the fact that several of the Board's reasons for denying parole were not supported by the record, some evidence as to one of the Board's reasons was sufficient to preclude habeas relief).

///

After reviewing the record, the Court cannot say that the Superior Court's finding that the parole board's decision is supported by some evidence "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Taken as a whole, the record supports the Superior Court's finding that the parole board's decision to deny Petitioner parole is supported by some evidence that Petitioner would pose an unreasonable risk of danger to society if released. Accordingly, Petitioner is not entitled to relief.

## **RECOMMENDATION**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 25, 2009**          /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE